IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMERICAN KITCHEN DELIGHTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 CV 3549 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| CITY OF HARVEY and CHRISTOPHER J. CLARK, | ) | Magistrate Judge Jeffrey I. Cummings |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendants' motion to compel attorney depositions. (Dckt. #33). For the reasons set forth below, defendants' motion is denied.

**I.   BACKGROUND**

Plaintiff American Kitchen Delights, Inc., a food manufacturer, initiated this action against the City of Harvey and Christopher Clark, individually and as mayor, after (on May 27, 2020), defendants "illegally erected barricades around Plaintiff's factory preventing employees from parking in the employee parking lot and preventing trucks from entering or leaving the facility." (Dckt. #1-1 at 2). According to plaintiff, employees of the Harvey Public Works Department and Harvey police officers were present and involved in the barricading incident, including placing the barricades and ticketing plaintiff's employees for parking on the property at issue. Plaintiff brings claims for violation of the Equal Protection Clause, illegal seizure in violation of the Fourth Amendment, and denial of procedural and substantive due process.

Discovery is ongoing and defendants recently requested to depose plaintiff's attorneys Dennis Both (who has appeared in this case) and attorney Jonathon Treat (who has appeared for plaintiff and/or its principal in other litigation involving plaintiff and the City but has not

appeared in this case). According to defendants, plaintiff has produced a video of the barricading incident which purportedly shows plaintiff's attorneys Both and Treat present at the scene and engaging with City employees. In the instant motion, defendants ask the Court to compel Both and Treat to sit for depositions as fact witnesses "to explore what they saw, what they did, what conversations they had with City employees, if any, etc."[1] (Dckt. #33 at 4). In its response, (Dckt. #38), plaintiff asserts, among other things, that defendants have failed to show that the depositions of its attorneys are appropriate because the information that defendants seek from them is obtainable from other sources.[2] On the instant record, the Court agrees.

I. ANALYIS

A. Standard on a Motion to Compel

A party may file a motion to compel under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request or when its response is insufficient. Fed.R.Civ.P. 37(a). Courts have broad discretion in resolving such discovery disputes and do so by adopting a liberal interpretation of the discovery rules. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D.Ill. 2018). Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

---

[1] Defendants also assert, without any explanation or support, that "a settlement was entered into with Plaintiff regarding certain issues pertaining to the parking area in this case, and Both and Treat could have information about Plaintiff's knowledge about property ownership and how the settlement was reached in this case." (Dckt. #33 at 2). Without *any* information regarding this alleged settlement, the Court cannot discern what relevance – if any – it has to the claims or defenses in this case. Accordingly, the Court declines to consider this argument as a basis to depose plaintiffs' counsel.

[2] Plaintiff also argues that defendants' motion should be dismissed for failure to properly meet and confer under Local Rule 37.2 and for failure to properly issue subpoenas to non-parties Both and Treat, as required under Rule 45. While plaintiff is correct that the motion could be summarily denied on either of those grounds, the Court will address the substantive nature of the dispute in order to move discovery forward in this matter toward its conclusion.

2

defense and proportional to the needs of the case. . . ." Fed.R.Civ.P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Communications Corp.*, 365 F.Supp.3d 916, 924 (N.D.Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter"). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

  **B. Defendants have failed to show that the information they seek from opposing counsel Both and Treat is not available through other means of discovery.**

  As defendants correctly note, the Federal Rules of Civil Procedure do not exempt attorneys from being deposed. In particular, Rule 30 states that "[a] party may, by oral questions, depose *any person* . . ." Fed.R.Civ.P. 30(a)(1) (emphasis added). Thus, "an attorney may be deposed, even if he or she represents a party to the litigation in issue." *E.E.O.C. v. Autozone, Inc.*, No. 07-1154, 2009 WL 29446, at *1 (C.D.Ill. Jan. 5, 2009) (internal quotation marks omitted). Nonetheless, as a general matter, courts look "disfavorably upon attempts to depose opposing counsel because such a deposition 'provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness.'" *Friendship Vill. of Mill Creek v. Philadelphia Indem. Ins. Co.*, No. 14 CV 1593, 2016 WL 3702680, at *2 (N.D.Ill. Jan. 6, 2016), *quoting Marco Island Partners v. Oak Dev. Corp.*, 117 F.R.D. 418, 420 (N.D.Ill. 1987). Such concerns led the Eighth Circuit to adopt a test that requires a party seeking to depose opposing counsel to show that: "(1) no other means exist to obtain the information . . . (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

  The Seventh Circuit has not adopted the *Shelton* test, and courts in this District remain divided as to its application. *Compare In re Plasma-Derivative Protein Therapies Antitrust*

*Litig.*, No. 09 CV 7666, 2013 WL 5274296, at *2 (N.D.Ill. Sept. 18, 2013) (applying *Shelton* test) *with qad.inc v. ALN Assocs., Inc.*, 132 F.R.D. 492, 495 (N.D.Ill. 1990) (finding that the *Shelton* test "stated as a rule of law . . . must be viewed as wrong"). Indeed, "[s]ome courts in the Northern District have applied the *Shelton* factors, while others have shied away, choosing instead to apply 'a more flexible approach that looks at all the circumstances of the particular case,'" *Friendship Vill.*, 2016 WL 3702680, at *2, *quoting Espejo v. Santander Consumer USA, Inc.*, No. 11 CV 8987, 2014 WL 6704382, at *2 (N.D.Ill. Nov. 25, 2014), and with guidance, of course, coming from the Rules of Civil Procedure under either approach. Here, under either the *Shelton* test or a more flexible approach, the Court reaches the same result.[3]

To begin, accepting as true defendants' representation that attorneys Both and Treat were present at the barricading incident, there can be no dispute that they may have relevant information about the claims in this case under the purview of Rule 26. However, where defendants' request to depose opposing counsel falls short – whether under *Shelton* or otherwise – is that they have failed to show that the information they seek from counsel regarding the incident is not available through other means and/or would not be unnecessarily duplicative. *See* Fed.R.Civ.P. 26(b)(2) (vesting the court with discretion to limit the "frequency and extent" of discovery where, "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive");

---

[3] Defendants rely heavily on the forty-year-old decision in *Hunt Int'l Res. Corp. v. Binstein*, 98 F.R.D. 689 (N.D.Ill. 1983), where the court held "in an admittedly unique factual situation" that the soon-to-be former attorney for plaintiffs had a duty to appear for his deposition pursuant to subpoena and object to questions that threatened to invade plaintiffs' attorney-client privilege on a question by question basis. *Id.*, at 690-91. Here, by contrast, all of the reasons which disfavor subjecting opposing counsel to depositions apply because there is no indication that attorneys Both and Treat have terminated their representation of plaintiff or have any plans to do so. Accordingly, this Court, as have many others, declines to follow the approach in *Hunt*. *See, e.g., Miyano Mach. USA, Inc. v. MiyanoHitec Mach., Inc.*, 257 F.R.D. 456, 464-65 (N.D.Ill. 2008); *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 n.1 (M.D.N.C. 1987).

*Anaya v. Birck*, No. 11 CV 8987, 2022 WL 1523640, at *9 (N.D.Ill. May 13, 2022) ("Where the deposition of an attorney can be avoided because the same information is available from other, non-privileged sources, it is prudent for the parties to pursue that course of discovery first."); *St. Paul Guardian Ins. Co. v. Walsh Constr. Co.*, No. 15 CV 10324, 2021 WL 4777337, at *4 (N.D.Ill. Oct. 13, 2021) ("Courts in this district have required a party seeking to depose a party's attorney to exhaust other reasonable means of obtaining relevant information.") (citing multiple cases).

      Indeed, discovery produced to date reveals that City employees – including the City's Public Works Superintendent Rick Seput, two presently unidentified City Public Works employees, and two to three City police officers – *were* present during the barricading incident. (*See, e.g.,* Dckt. #27-1 at 12-13 (City interrogatory answer acknowledging that Superintendent Seput was present during the erection of the barricades); Dckt. #38-1 at 26-28 (pictures of the scene of the incident appearing to show City Public Works employees clad in yellow safety vests and orange hats and uniformed police officers). Yet, defendants – who concede that plaintiff's attorneys can be seen on the video "engaging with City employees" (Dckt. #33 at 2) – have offered no explanation as to why the information they seek from plaintiff's counsel is not obtainable from Superintendent Seput and the City's own employees.

      Simply put, "[w]here the deposition of an attorney can be avoided because the same information is available from other, non-privileged sources, it is prudent for the parties to pursue that course of discovery first." *Espejo*, 2014 WL 6704382, at *3. Because defendants have failed show that they explored such a prudent course here and exhausted their efforts to obtain the information they seek from other sources, the Court declines defendants' request to depose plaintiff's attorneys Both and Treat. *See, e.g., Anaya*, 2022 WL 1523640, at *9; *St. Paul*

5

*Guardian Ins. Co*, 2021 WL 4777337, at *4; *Howard v. Securitas Sec. Servs., USA Inc.*, 630 F.Supp.2d 905, 911 (N.D.Ill. 2009) ("a deposition of opposing counsel should not proceed unless there is a strong showing of need and evidence that all other discovery avenues have been exhausted."); *Ganan v. Martinez Mfg., Inc.*, No. 02 C 50412, 2003 WL 21938605, at *3 (N.D.Ill. Aug. 12, 2003) (denying request to depose counsel where the deposition would be cumulative or duplicative and the information sought could be obtained from another source that is more convenient and less burdensome).[4]

## CONCLUSION

For the foregoing reasons, defendants' motion to compel attorney depositions, (Dckt. #33), is denied.

**DATE:  August 8, 2023**

**Jeffrey I. Cummings**
**United States Magistrate Judge**

!
!
!

---

[4] Defendants' reliance on the court's decision in *E.E.O.C. v. Autozone, Inc.* is misplaced because the factual circumstances in that case are distinguishable.  In particular, the *Autozone* court found that: (1) the deposition of the attorney in question would not disrupt the ongoing proceedings because she was not defendant's trial counsel; (2) plaintiff had shown "that other corporate witnesses lack memory of underlying events in which [the attorney] was involved, making her recollection all the more important"; and (3) plaintiff had further shown that "some information [the attorney] possesses may in fact be crucial to the case."  *Autozone*, 2009 WL 29446, at *2.