## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMERICAN KITCHEN DELIGHTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 CV 3549 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| CITY OF HARVEY and CHRISTOPHER | ) | Magistrate Judge Jeffrey I. Cummings |
| J. CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's petition for rule to show cause and to compel defendants' compliance with discovery. (Dckt. #27). For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

## I.      BACKGROUND

Plaintiff American Kitchen Delights, Inc., a food manufacturer, initiated this action against the City of Harvey (the "City") and Christopher Clark ("Mayor Clark"), individually and as mayor, after defendants "illegally erected barricades around Plaintiff's factory preventing employees from parking in the employee parking lot and preventing trucks from entering or leaving the facility" on May 27, 2020. (Dckt. #1-1 at 2). According to plaintiff, employees of the Harvey Public Works Department and Harvey police officers were present and involved in the barricading incident, including placing the barricades and ticketing plaintiff's employees for parking on the property at issue. Plaintiff brings claims for violation of the Equal Protection Clause, illegal seizure in violation of the Fourth Amendment, and denial of procedural and substantive due process.

Discovery is ongoing and plaintiff previously issued written discovery requests to defendants. In the instant motion, plaintiff asks the Court to compel defendants to supplement their responses to certain written discovery requests, which plaintiff views as deficient.

## II.     ANALYIS

### A.     Standard on a Motion to Compel

A party may file a motion to compel under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request or when its response is insufficient. Fed.R.Civ.P. 37(a). Courts have broad discretion in resolving such discovery disputes and do so by adopting a liberal interpretation of the discovery rules. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D.Ill. 2018). Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed.R.Civ.P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Communications Corp.*, 365 F.Supp.3d 916, 924 (N.D.Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter"). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

With this standard in mind, the Court turns to each of the discovery requests in dispute.

### B.     Interrogatory No. 2 to Defendant Harvey

In this request, plaintiff asked the City to provide the name and contact information of all City personnel, and any other individuals who "participated in erecting the barricades to the entrance of American Kitchen Delights on May 27, 2020." (Dckt. #27-1 at 12). In response to the interrogatory, the City objected to the request as speculative (because plaintiff failed to

define the term "participated in"), but otherwise identified *only* Public Works Superintendent Rick Seput. Based on the record before the Court, this response is insufficient and the City must submit an amended answer to this interrogatory.

Answers to interrogatories must be "complete, explicit and responsive." *Brock v. Hooker Chem. & Plastics Corp.*, No. 83 C 8383, 1985 WL 2120, at *1 (N.D.Ill. July 24, 1985); *Hill v. City of Harvey*, No. 17 C 4699, 2019 WL 6173415, at *1 (N.D.Ill. Nov. 20, 2019) (same). A "[l]ack of personal knowledge does not exempt a party from answering to the extent possible, 'because [the] duty to fully answer implies a duty to make reasonable efforts to obtain information within the knowledge and possession of others.'" *Gevas v. Dunlop*, No. 18 C 6556, 2020 WL 814875, at *1 (N.D.Ill. Feb. 19, 2020), *quoting Jones v. Syntex Laboratories, Inc.*, 2001 WL 1338987, at *3 (N.D.Ill. Oct. 30, 2001). "When a party cannot provide answers because of lack of personal information or inability to obtain information because it is outside of [its] control, [it] may so state under oath, but [it] has the additional obligation to set forth the efforts made to obtain the information." *Brock*, 1985 WL 2120 at *1.

Here, the City has made an insufficient effort to identify any and all Harvey personnel and police officers that were present at the barricading incident on May 27, 2020. To begin, as recently discussed by the Court, discovery produced to date reveals that "City employees – including the City's Public Works Superintendent Rick Seput, two presently unidentified City Public Works employees, and two to three City police officers – were present during the barricading incident." *Am. Kitchen Delights, Inc. v. City of Harvey*, No. 22 CV 3549, 2023 WL 5041373, at *3 (N.D.Ill. Aug. 8, 2023). Yet, the City – which conceded that plaintiff's attorneys could be seen on the video "engaging with City employees" during the briefing on its own

motion to compel, (Dckt. #33 at 2) – continues to feign ignorance when it comes to identifying those employees.

The City's purported lack of knowledge is perplexing because: (1) the City – which had a population of 20,324 as of April 2020[1] – employed a finite number of police officers and public works employees on the date of the incident; (2) the City can consult its payroll records to identify the police officers and public works employees who worked on the date in question;[2] and (3) the City can ask the public works and police supervisors and/or the public works employees and police officers who worked that day to identify the individuals depicted in the photographs and video produced to date.[3] Moreover, the fact that plaintiff can ask deponents about the identity of City employees present at the incident does not excuse the City from properly answering plaintiff's interrogatories given that parties "may simultaneously utilize any or all of the discovery mechanisms authorized by the rules." *Trustees of Chicago Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, No. 1:19-CV-2965, 2022 WL 2341290, at *9 (N.D.Ill. June 29, 2022) (internal quotation and citation omitted).

---

[1] *See* U.S. Census Bureau, *Harvey city, Illinois*, https://www.census.gov/quickfacts/harveycityillinois; *Skolnick v. Board of Com'rs of Cook County*, 435 F.2d 361, 363 (7th Cir. 1970) (taking judicial notice of federal census population data); *Marshall v. Village of Dwight*, No. 22-cv-01228-JES-JEH, 2023 WL 2316178, at *3 (C.D.Ill. Mar. 1, 2023) (citing *Skolnick* and taking judicial notice of 2020 census population data).

[2] Given the City's need to create and maintain payroll records regarding its employees who work each day, the fact that parking tickets purportedly written by Harvey police officers during the incident were "destroyed in a flood," (Dckt. #29 at 6), is immaterial.

[3] The City's representation that "it confirmed with Richard Seput" that no other public works employees performed any of the actions of which Plaintiff complains," and that "no police officer so participated," (Dckt. #29 at 6-7), does not square with the City's subsequent assertion in support of its separate motion to compel that City employees were present and conferring with plaintiff's counsel during the incident. (Dckt. #33 at 2; *see also* Dckt. #38-1 at 26-28 (pictures of the scene of the incident appearing to show City Public Works employees clad in yellow safety vests and orange hats and uniformed police officers)).

For these reasons, plaintiff's motion is granted with respect to interrogatory no. 2. Consistent with its obligations under Rule 33, defendant Harvey shall conduct a good faith and reasonable investigation taking the steps outlined above, at a minimum, and submit a supplemental answer to interrogatory no. 2 on or before September 6, 2023.

## C.    Interrogatory No. 3 to Defendant Harvey

In this request, plaintiff asked the City to identify any other individuals, other than those identified in response to interrogatory no. 2, who may have knowledge about the claims and defenses in this matter.  In response, the City generally directed plaintiff to its prior Rule 26(a)(1) disclosures and its document production, and otherwise claimed it was unaware of any other individuals with knowledge as discovery was in its "infancy."  (Dckt. #27-1 at 13).

This response is insufficient.  It is well established that an answer to an interrogatory "should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers."  *Dana Corp. v. Am. Standard*, No. 3:92-CV-581RM, 1994 WL 228537, at *1 (N.D.Ind. Apr. 15, 1994).  Thus, the City's reference to its Rule 26(a)(1) disclosures and to unspecified documents it produced in discovery is inadequate.  *Id.* (holding that "general references to plaintiffs' mandatory pre-discovery disclosures in response to ASI's interrogatories and document productions are insufficient.").

Accordingly, plaintiff's motion is granted with respect to interrogatory no. 3.  Consistent with its obligations under Rule 33, defendant Harvey shall conduct a good faith and reasonable investigation and submit a supplemental answer to interrogatory no. 3 on or before September 6, 2023.

### D.    Interrogatory No. 5 to Defendant Harvey

In this request, plaintiff asked the City to identify whether Mayor Clark "ordered the City of Harvey Public Works Department to erect barricades" at plaintiff's facility and, if not, to identify who did.  The City responded to the request as follows:

> The City objects to this Interrogatory to the extent it assumes facts.  Without waiving this objection and subject thereto, the City responds: barricades were not erected; concrete blocks were placed to prevent use of the City-owned access road to the Police Department and City-owned real property.

(Dckt. #27-1 at 14).

This response is improper and non-responsive.  First, the City's sole objection – that the interrogatory "assumes facts" – is improper and is overruled.  *See, e.g.*, *Andrews v. Rauner*, No. 18-CV-1101, 2019 WL 2514703, at *5 (C.D.Ill. June 18, 2019) ("The objection that the interrogatory assumes facts is overruled.  The individual Responding Defendants can respond even if the interrogatory assumes facts."); *McGrath v. Cosco, Inc.*, No. CIV. A. 98-CV-1502, 1999 WL 269920, at *1 (E.D.Pa. Apr. 21, 1999) ("That an interrogatory assumes facts not in evidence is not a valid objection in the context of discovery.").

Second, and more importantly, the City's answer to this interrogatory is non-responsive.  Although the City responded that "concrete blocks were placed" at the property, the City does *not* identify – as plaintiff requested – whether it was Mayor Clark *or* someone else who directed that the blocks be placed.  Accordingly, plaintiff's motion is granted with respect to interrogatory no. 5. *Jones v. Gasser Chair Co.*, No. 2:15-CV-14-PPS-PRC, 2015 WL 13664187, at *2 (N.D.Ind. Nov. 20, 2015) (ordering party to "respond to all parts of the interrogatory").  The City

is ordered – consistent with its obligations under Rule 33 – to provide a fully responsive supplemental answer to this interrogatory on or before September 6, 2023.

### E. Interrogatory No. 14 to Defendant Harvey

In interrogatory no. 14, plaintiff asked the City to indicate whether the City of Harvey "Code Hearing Department" was "in session" on June 26, 2020. The City objected to the request, to the extent it calls for speculation because plaintiff "failed to define the terms 'Code Hearing Department' and 'in session.'" (Dckt. #27-1 at 17).[4]

The City's objection is improper and is overruled. "A party responding to a discovery request should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in the discovery requests." *Sols. Team v. Oak St. Health, MSO, LLC*, No. 17 CV 1879, 2021 WL 3022324, at *4 (N.D.Ill. July 16, 2021), *McKellips v. Kumho Tire Co.*, 305 F.R.D. 655, 679 (D.Kan. 2015). Here, plaintiff asserts that:

> Harvey has adopted a system for adjudication of code violations, and in Interrogatory 14, Plaintiff seeks an admission of whether the Code Hearing Department *which is the name Harvey gave its administrative adjudication department* was in session . . .

(Dckt. #27 at 4) (emphasis added). The City does not deny that it gave the name "Code Hearing Department" to its administrative adjudication department. Nor has the City shown that the interrogatory is vague or speculative because the phrase "in session" has a well understood meaning. Certainly, the City can determine whether its own Code Hearing Department was "in

---

[4] Harvey incorrectly states that plaintiff lists this request in its motion, but "does not address the City's response to Interrogatory No. 14 in any substantive way." (Dckt. #29 at 7). Plaintiff did, however, substantively address this interrogatory answer in its motion. (*See* Dckt. #27 at 4-5).

session" – that is, "in the process of meeting formally"[5] – on the date in question, and its objections to the contrary are baseless. *See, e.g.*, *Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 WL 2325506, at *6 (N.D.Ill. Aug. 2, 2006) (a party's burden in objecting to discovery "cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome") (internal quotations and citation omitted).

Accordingly, plaintiff's motion is granted with respect to interrogatory no. 14 and the City is ordered – consistent with its obligations under Rule 33 – to provide a fully responsive supplemental answer to this interrogatory on or before September 6, 2023.

## F.     Interrogatory No. 21 to Defendant Harvey

In this request, plaintiff asked the City to identify "the cellular telephone numbers issued to Christopher Clark, Timothy Williams, Robert Collins and Richard Seput and the service provider for any cellphone service paid by the City of Harvey in May 2020." In response, the City objected to this request as seeking confidential information protected from disclosure that is neither relevant, nor proportional to the claims at issue.

As a general matter – and contrary to the City's contention – courts have held that cell phone records are discoverable even over a party's privacy objections so long as the information is relevant to the claims or defenses in the case. *See, e.g.*, *Foust v. Union Pac. R.R. Co.*, No. 17-CV-489-SMY-RJD, 2018 WL 11508496, at *1 (S.D.Ill. July 24, 2018) ("The Court finds Defendant's subpoena for phone records is relevant to material issues of this case and not a violation of Plaintiff's privacy."); *Parrish v. Auto Detailing by Me, LLC*, No. CIV.A. 5:12-

---

[5] *See Merriam-Webster,* https://www.merriam-webster.com/dictionary/in%20session (last visited August 11, 2023).

03759, 2013 WL 5965316, at **4-5 (S.D.W.Va. Nov. 7, 2013) (ordering the production of defendant's phone records that were relevant to plaintiff's claims).[6]

Here, however, plaintiff has made *no* effort to describe the potential relevance of the phone records it seeks, let alone cite to any case law to support its request. Instead, plaintiff simply states that "cell phone numbers and service paid for using public money enjoys neither privacy nor confidentiality [and] the public has a right to know how public funds are spent." (Dckt. #27 at 5). This is not the standard for relevancy under Rule 26 and the Court cannot determine if the identification of cell phone numbers and service providers would lead to the discovery of information that is relevant to plaintiff's claims. For this reason, plaintiff's motion to compel is denied without prejudice with respect to interrogatory no. 21 to defendant Harvey. *See Quillin v. Simon*, No. CV 3:20-3063-CMC-SVH, 2020 WL 6469269, at *3 (D.S.C. Nov. 3, 2020) (denying request for cell phone records where plaintiff "failed to identify, or discuss in briefing at all, the relevance of the information requested").

### G.    Interrogatory No. 21 to Mayor Clark

In this interrogatory to Mayor Clark, plaintiff asked that he provide the name and address of each person that has served as the Harvey Chief of Police since he became Mayor. In response, Mayor Clark asserted objections, and further responded by: identifying five individuals by full name; providing the last known address for one of the individuals; and advising that the other four could be contacted through counsel for the City who would represent them for depositions if ultimately taken in this case. (Dckt. #29-1 at 22). Although this answer is

---

[6] Harvey's reliance on *Prince v. Kato*, No. 18-CV-2952, 2019 WL 3554533, at *1 (N.D.Ill. July 30, 2019) and *McGee v. City of Chicago*, No. 04 C 6352, 2005 WL 3215558, at *1 (N.D.Ill. June 23, 2005) for the proposition that cell phone records are protected from disclosure during discovery is misplaced. In each of those cases, the court was tasked with considering whether certain private information of the defendant officers – already determined to be discoverable – should be protected from *public* disclosure.

partially responsive, Mayor Clark has the obligation under Rule 33 to fully respond to the interrogatory by either providing the last known addresses for the other four former police chiefs (if need be, by conferring with other persons who have knowledge of those facts) *or* stating under oath that he is unable to obtain the information in question because it is out of his control and specifying what efforts that he made to obtain the information. *See, e.g.*, *Gevas*, 2020 WL 814875, at *1; *Jones*, 2001 WL 1338987 at *3; *Brock*, 1985 WL 2120, at *1.

Accordingly, plaintiff's motion is granted with respect to interrogatory no. 21 and Mayor Clark is ordered – consistent with his obligations under Rule 33 – to provide a fully responsive supplemental answer to this interrogatory on or before September 6, 2023.

### H. Requests for Production

Finally, plaintiff made a brief reference to certain requests for production in its motion, (*see* Dckt. #27 at 5), but failed to provide the Court with the specific requests in dispute or defendants' responses thereto. Accordingly, the Court will not compel the production of documents at this time. Instead, the parties shall continue to meet and confer regarding any outstanding requests for production. The Court notes, however, that written communications regarding the barricading event would most certainly be relevant to plaintiff's claims and – to the extent defendants have not already done so – the Court expects that they will conduct a good faith investigation to locate and produce such communications to the extent they are responsive to plaintiff's requests for production.

### I. Plaintiff is entitled to recover its reasonable attorney's fees and costs incurred in connection with this motion.

Under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the

motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A); *see also Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994) ("The great operative principal of [Rule 37(a)(5)] is that the loser pays."). There are exceptions, however, and the Court will not order such a payment, if: (1) the motion was filed before the parties attempted to resolve their discovery dispute without court intervention; (2) the opposing party's nondisclosure, responses, or objections were substantially justified; or (3) other circumstances make the award of expenses unjust. Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii)). "When a motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified." *Burkett ex rel. Est. of Burkett v. AIG Claim Servs., Inc.*, 244 F.R.D. 328, 330 (N.D.W.Va. 2005), *aff'd sub nom. Burkett v. AIG Claim Servs., Inc.*, No. 3:03-CV-1, 2007 WL 9734152 (N.D.W.Va. July 16, 2007) (citing *Rickels*, 33 F.3d at 787). Courts are afforded broad discretion in deciding if fees are warranted under Rule 37(a)(5). *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 WL 1651709, at *15 (N.D.Ill. Apr. 17, 2019), *objections overruled*, No. 17-CV-01682, 2020 WL 1248343 (N.D.Ill. Mar. 15, 2020) (citing *Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280, 283 (7th Cir. 1988)).

Here – even though plaintiff's motion was not granted in its entirety – the Court finds, within its discretion, that an award of reasonable fees and costs is appropriate as the defendants have failed to show, or even attempt to show, that any of the above enumerated exceptions apply. First, as plaintiff notes, on March 10, 2023, this Court directed the parties "to meet and confer pursuant to L.R. 37.2 to resolve their differences" with respect to their outstanding written discovery disputes. (Dckt. #26). In accordance with that order, plaintiff's counsel began e-mailing and calling defense counsel, but no call was ever returned. (Dckt. #27 at 6). Instead, on April 6, 2023, defense counsel responded, "I do not believe there is anything 'to meet and

confer' about at this time . . ." (Dckt. #27-1 at 31).[7]  Having rebuffed plaintiff's attempts to meet and confer, defendants left plaintiff with no alternative *but* to file the instant motion.

Second, defendants have not shown that their initial responses and subsequent opposition to plaintiff's motion were substantially justified.  A legal position "is substantially justified if it posits a 'genuine dispute' or if reasonable people could differ as to the appropriateness of the contested action." *Ciesniewski v. Aries Cap. Partners, Inc.*, No. 116CV00817JPHTAB, 2019 WL 2869671, at *4 (S.D.Ind. July 3, 2019) (internal quotation and citation omitted).  As described above, *supra* at Section II.B-E & G, the Court found five out of six of defendants' initial responses – and defendants' continued reliance on those responses – to be either unresponsive or otherwise wholly insufficient given defendants' duties under the Federal Rule of Civil Procedure 33.  As such, the Court cannot say that defendants' position was "justified to a degree that could satisfy a reasonable person," *Burkett*, 244 F.R.D. at 330, nor have defendants even attempted to argue otherwise.  *See Gevas*, 2021 WL 5795308, at *8 (awarding fees where opposing party was "aware of the request for expenses at the time he responded to the motion" but offered no argument in opposition to that request to show that its position was substantially justified).

Lastly, defendants have not shown – nor is the Court aware – of any other circumstances that would make an award of expenses unjust, such as the inability to pay.  *See Black v. Friedrichsen*, No. 119CV00307TLSSLC, 2022 WL 951365, at *5 (N.D.Ind. Mar. 30, 2022) (noting that "some courts have found that an award of fees may be unjust when the losing party establishes an inability to pay.").

---

[7] Although defense counsel's e-mail is partially cut off, defendants did not rebut plaintiff's reliance on that e-mail in support of its request for fees.

For all of these reasons, plaintiff's request for an award of its reasonable attorney's fees and costs incurred in bringing the motion to compel is granted. The parties are directed to meet and confer to determine if they can reach an agreement as to the appropriate amount of that fee. If they are unable to reach an agreement by September 8, 2023, plaintiff shall file a sworn declaration itemizing the fees and costs incurred in filing the motion to compel and any other supporting documentation for the Court to consider in determining the appropriate amount of the award.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel, (Dckt. #27), is granted in part and denied in part. Defendants shall provide the supplemental interrogatories answers ordered above and file a declaration with the Court certifying compliance with the directives within this Memorandum Opinion and Order by September 6, 2023. By September 13, 2023, the parties shall file a joint status report setting forth what additional discovery remains to be completed in this matter, and an agreed proposed deadline for the completion of fact discovery.

**DATE: August 23, 2023**

**Jeffrey I. Cummings**
**United States Magistrate Judge**