**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AMERICAN KITCHEN DELIGHTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HARVEY, a municipal corporation, CHRISTOPHER CLARK, Individually and as MAYOR OF THE CITY OF HARVEY,<br><br>Defendants. | Case No.: 22-cv-03549<br><br>(Circuit Court of Cook County, Illinois, Civil Action No. 2022 L 004566)<br><br>The Hon. April M. Perry |

**MOTION FOR ENTRY OF JUDGMENT**

The Defendant, the City of Harvey, ("Defendant"),[1] by and through its counsel of record, Kathleen M. Kunkle of Ancel Glink, P.C., hereby moves for entry of judgment in its favor, and against Plaintiff, consistent with the Court's ruling on summary judgment, pursuant to Federal Rule of Civil Procedure 58(a) and (d),[2] such that Defendant may seek and recover its costs as against Plaintiff. In support of this Motion, Defendant states as follows:

**Factual and Procedural Background**

Plaintiff filed its Second Amended Complaint ("SAC"), which is the operative complaint in this matter, on October 16, 2023. (Dkt. 65). On February 3, 2025, Plaintiff filed its motion for summary judgment. (Dkt. 128, 128-1). The Defendants filed their cross-motion for summary judgment on April 7, 2025. (Dkt. 136, 137, 138). On September 2, 2025, the Court denied

[1] The City of Harvey is the only remaining defendant in this matter; Defendant Christopher Clark was dismissed as a defendant as a result of motion for summary judgment purposes. (Dkt. 155, at 13-14).
[2] All "Rule" referenced are to the Federal Rules of Civil Procedure, unless otherwise noted.

Plaintiff's motion for summary judgment and granted in part and denied in part Defendants' motion for summary judgment. (Dkt. 155). Summary judgment was granted to Defendants as to Plaintiff's causes of action for Equal Protection violation (Count III), Fourth Amendment violation (Count IV), and substantive Due Process claim (Count VI). (*Id.*, at 14). Two causes of action, Plaintiff's procedural Due Process claim (Count V) and declaratory relief claim (Count VII) survived summary judgment. (*Ibid*.).

On September 17, 2025, this matter was set for jury trial to begin March 9, 2026. (Dkt. 156). On February 26, 2026, the trial date was re-set to August 31, 2026. (Dkt. 173). Rather than proceeding to trial, Plaintiff moved to voluntarily dismissed all remaining claims on July 24, 2026. (Dkt. 191). The Court granted that voluntary dismissal motion on July 27, 2026. (Dkt. 192).

Because the Defendant prevailed on summary judgment on certain claims, and the remaining claims were voluntarily dismissed, Defendant should be entitled to recover its costs as the prevailing party. Thus, Defendant seeks entry of judgment in its favor, consistent with the Court's prior rulings, such that Defendant may seek recovery of its costs. Defendant is simultaneously filing its Bill of Costs.

## Legal Authority

Under Rule 58(d), "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)."

Rule 58(a) provides: "Every judgment and amended judgment must be set out in a separate document."

## Argument

### I. A judgment should be entered in favor of Defendant, consistent with the Court's ruling on summary judgment, and pursuant to Rule 58(a), such that Defendant may seek recovery of its costs.

As referenced above, Defendant prevailed on summary judgment as to Plaintiff's causes of action for Equal Protection violation (Count III), Fourth Amendment violation (Count IV), and substantive Due Process claim (Count VI). (Dkt. 155, at 14). The remainder of Plaintiff's claims have been dismissed. (Dkt. 178, 192). Thus, Defendant is the prevailing party, and Defendant should be entitled to recover its costs as against Plaintiff pursuant to Rule 54(d)(1). However, as of the drafting of this Motion, no judgment has been entered in favor of Defendant. Thus, Defendant now moves, pursuant to Rule 58(d), that a separate judgment be entered in favor of Defendant, commensurate with the Court's ruling on summary judgment. Defendant is simultaneously filing its Bill of Costs.

## Conclusion

For the foregoing reasons, Defendant City of Harvey's motion for entry of judgment should be granted and judgment should be entered in favor of Defendant.

Respectfully Submitted,

CITY OF HARVEY

By: *<u>/s/ Kathleen M. Kunkle</u>*

Attorney for Defendants
Kathleen M. Kunkle / ARDC # 6281796
kkunkle@ancelglink.com
ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606 / (312) 782-0943/ Fax